# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Central States, Southeast and Southwest Areas Pension Fund, et. al., ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:06-cv-01205 |
| v. ) ) | Magistrate Judge Maria Valdez |
| GWT 2005 Inc., et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The matter before the Court is Subpoena Respondent George Cibula's Motion to Modify or to Quash Subpoena and for Protective Order [Doc. No. 78]. For the reasons set forth below, the motion is denied.

## BACKGROUND

On January 25, 2007, the district judge entered a Consent Judgment against Defendants, GWT 2005, Inc. f/k/a General Warehouse & Transportation Co., Geobeo, Inc., C & L, Inc., and CLP Transportation, Inc. (collectively the "Judgment Debtors"), jointly and severally, in the amount of $1,715,046.26 [Doc. No. 77]. More than two years later, having received none of the judgment award, counsel for Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall (collectively "Plaintiffs") issued a subpoena pursuant to Federal Rule of Civil Procedure Rule 69(a)(2) to Cibula, a former officer of the Judgment Debtors, on February 18, 2009. The subpoena, served on February 19, 2009, commanded Cibula to produce his income tax returns to Plaintiffs on or before April 1, 2009, and to appear for a deposition on April 15, 2009. The subpoena also commanded Cibula to produce documents relating to certain

other business entities, including Geobeo, Inc, JM Venture, LLC, Plain Jar, LLC, Roaco, LLC, Darwin Realty & Development Corporation, Lathrop Star, Ltd., and New Concord, Inc. (with the exception of Geobeo, Inc., collectively, the "Other Entities"). Cibula filed his motion on April 1, 2009.

## DISCUSSION

Initially, the Court addresses Plaintiffs' argument that the motion is untimely under Rule 45. Cibula filed the motion pursuant to Rule 45(c)(3), which allows a court to quash or modify certain subpoenas "on timely motion" by the recipient of the subpoena. Nevertheless, Plaintiffs assert that the motion is untimely because he failed to serve Plaintiffs' counsel with his objections to the subpoena in accordance with Rule 45(c)(2)(B). Plaintiffs do not address whether the motion is untimely under Rule 45(c)(3).

Although it is true that Rule 45(c)(2)(B) concerns subpoenas that command persons to produce documents, Plaintiffs misinterpret the rule's plain language. Rule 45(c)(2)(B) states that "a person commanded to produce documents . . . *may serve* . . . on the party of attorney designated in the subpoena a written objection [to the subpoena] before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B) (emphasis added). Thus, Rule 45(c)(2)(B) is permissive in nature, and merely describes one avenue down which a person served with a subpoena may challenge the subpoena. *See WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006).

Meanwhile, Rule 45(c)(3) describes another procedural avenue available to a subpoena recipient to challenge a subpoena: the motion to quash or modify a subpoena. Although neither Rule 45(c)(3) nor the Advisory Committee's Notes define what constitutes a "timely" motion,

this court has held that a motion to quash must be made at or before the time of compliance. *Flagstar Bank, FSB v. Freestar Bank, N.A.*, No. 09 C 1941, 2009 WL 2706965, at *3 (N. D. Ill. Aug. 25, 2009). Because Cibula filed his motion on April 1, 2009, the date of compliance listed on the subpoena, the motion is timely.

Next, the Court addresses Cibula's remaining arguments. Cibula argues that, because the subpoena seeks documents relating to persons (himself) and the Other Entities against which the Plaintiffs have no judgment, the subpoena exceeds the scope of permissible post-judgment discovery under Rule 69(a)(2). Rule 69(a)(2) states that, "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person–including the judgment debtor–as provided in these rules." Fed. R. Civ. P. 69(a)(2). The "rules" mentioned in Rule 69(a)(2) are the federal rules governing pre-trial discovery. *Rubin v. Islamic Republic of Iran*, No. 03 C 9370, 2008 WL 192321, at *4 (N.D. Ill. Jan. 18, 2008).

Pre-trial discovery is governed by Rule 26(b). Rule 26(b)(1) allows discovery regarding any matter that is relevant to the claim or defense of a party and not privileged. The scope of discoverable information in any case depends on the applicable substantive law on which a party's claims are based. *Rubin*, 2008 WL 192321, at *5.

The present matter arises out of a previously entered Consent Judgment against the Judgment Debtors for their improper withdrawal from a multiemployer pension plan governed by the Multiemployer Pension Plan Amendments to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq*. As Plaintiffs correctly state, that statute provides that trades or businesses under common control, as defined by federal regulation, as of the date of the improper withdrawal are jointly and severally liable for the withdrawal liability assessment. *See*

29 U.S.C. § 1301(b)(1); 26 C.F.R. § 1.414(c)-2; *C. States, S.E & S.W. Areas Pension Fund v. Neiman*, 285 F.3d 587, 589 (7th Cir. 2002). This potential for joint and several liability underlies the Plaintiffs' subpoena requests. Plaintiffs seek discovery to determine if Cibula and/or any of the Other Entities can be held jointly and severally liable for the previously entered withdrawal assessment.

In support of their proposed discovery, Plaintiffs state that Cibula is a former officer of the Judgment Debtors, and that he was the sole owner of Geobeo, Inc., the parent company of the other Judgment Debtors. Plaintiffs also assert that the Other Entities were related to Geobeo, Inc. at the time of the improper withdrawal. To support this assertion, Plaintiffs note that each of the other business entities listed in the subpoena share the same principal office as Geobeo, Inc. and that a 2009 Dun & Bradstreet Report lists Cibula as the sole owner of one of the Other Entities. Moreover, with one exception, each of the Other Entities list Cibula as their Manager or President.[1]

Against these assertions, Cibula argues that the Plaintiffs are not entitled under Rule 69(a)(2) to this type of third-party discovery. However, since the withdrawal liability of the Judgment Debtors may extend to both Cibula and the other business entities listed in the subpoena, Plaintiffs are entitled to investigate the relationship between Cibula, Other Entities and the Judgment Debtors to identify which, if any, of the Other Entities and/or Cibula belong in the control group (i.e. the group of trades or businesses under common control). *C. States, S.E & S.W. Areas Pension Fund v. J.W. Cartage Co.*, No. 92 C 1695, 1994 WL 416978, at *3 (N.D. Ill.

---

[1]The final entity lists John Rowan, a former officer of one of the Judgment Debtors, as its Manager.

Aug. 8, 1994). To do so, however, Plaintiffs must adhere to the rules governing pre-trial discovery. Because Cibula is a non-party and a former officer of the Judgment Debtors, Plaintiffs' subpoena to him was the proper method to compel his responses to discovery. *J.W. Cartage*, 1994 WL 416978, at *2.

Cibula's opposition to the subpoena is not supported by the law. In this case, both the individual liability of Cibula as well as the liability of the Other Entities remains an open issue. Plaintiffs are entitled to examine his personal tax returns and question him regarding his relationship with the Judgment Debtors and the Other Entities for the purpose of identifying a control group. *J.W. Cartage*, 1994 WL 416978, at *3 (allowing a judgment creditor to examine the personal tax returns of the former officer of a judgment debtor).

Cibula makes many arguments in opposition to the discovery sought by the subpoena. Interestingly, he cites *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331 (E.D. Pa. 1974) in support of his argument that "third persons who are not judgment debtors cannot be required to make disclosures of their individual assets." Mot. at ¶ 14. In that case, however, the court held that third parties can in fact be subjected to discovery pursuant to Rule 69(a)(2) as long as the judgment creditor provides "some showing of the relationship that exists between the judgment debtor and the third party from which the court . . . can determine whether the examination has a basis." *Caisson Corp.*, 62 F.R.D. at 335. The facts presented by the Plaintiffs satisfy the Court that Cibula and the Other Entities potentially belong in the control group based on their relationship with Geobeo, Inc., one of the Judgment Debtors. The Plaintiffs are entitled to conduct the proposed discovery.

Cibula also cites to *Fidelity Fin., Inc. v. Friedman*, No. 03 C 1222, 2007 WL 446134 (D.

Ariz. Feb. 7, 2007), as establishing the proposition that Plaintiffs must make a showing that the Judgment Debtors concealed or improperly transferred assets before they can conduct the requested discovery. Here again, Cibula misstates the law. That case simply restates the test used by the court in *Caisson* to determine whether the relevant Rule 69(a)(2) discovery, issued to non-parties, was permissible. *Fidelity Fin., Inc*., 2007 WL 446134, at *2. Although the judgment creditors in that case happened to use evidence of a fraudulent transfer as the basis for their discovery request, it does not follow that the any judgment creditor must make a similar showing establishing the relationship between a judgment debtor and a non-party.

Next, Cibula argues that Rule 69(a)(2) does not authorize the discovery of transactions or transfers of assets that occurred before the underlying lawsuit was filed or the date of the judgment. The Court disagrees. Plaintiffs have sought discovery of information about the Other Entities and their relationship to Geobeo, Inc. for the purpose of identifying a control group. Information about transfers of assets between the Judgment Debtors and the Other Entities or common control between the Judgment Debtors and the Other Entities is relevant to that investigation. The information sought is within the scope of Rule 26(b)(1) and is authorized by Rule 69(a)(2).

Cibula's Reply builds on this argument, however, by stating that Plaintiffs are "using [the subpoena] to engage in discovery so that they can initiate a new action against entirely different parties." Reply at 5. But Cibula misunderstands withdrawal liability. Federal law states that trades or businesses under common control as of the date of the improper withdrawal are jointly and severally liable for the withdrawal liability assessment. 29 U.S.C. § 1301(b)(1). Thus, it is irrelevant whether Cibula or any of the Other Entities named in the subpoena were named in the

Consent Judgment. If the discovery sought by the subpoena establishes that Cibula or any of the Other Entities were under common control, as defined in 26 C.F.R. § 1.414(c)-2, with Geobeo, Inc. on the date of the withdrawal, that person or entity will become a member of the control group, and will be jointly and severally liable for the withdrawal assessment. *See C. States, S.E & S.W. Areas Pension Fund v. Slotky*, 956 F.2d 1369 (7th Cir. 1992) (finding the sole shareholder of a judgment debtor to be part of the control group and therefore jointly and severally liable for the withdrawal liability assessment even though the shareholder did not participate in the underlying lawsuit).

These statutory mechanics of withdrawal liability also defeat Cibula's arguments that Plaintiffs have issued the subpoena in an end-run attempt to gather information to aid in the execution of a judgment "they wish they had" and that treating Cibula and the other business entities as Judgment Debtors would deprive them of their due process rights. Reply at 3; 29 U.S.C. § 1301(b)(1); *see also Slotky*, 956 F.2d at 1375 (due process requirements are met in withdrawal liability cases when one member of a control group is notified of the underlying lawsuit). Plaintiffs are entitled to conduct discovery to establish a control group. *J.W. Cartage*, 1994 WL 416978, at *3.

The other cases cited by Cibula are inapplicable to the present case because they do not involve withdrawal liability and the potential joint and several liability of member of an established control group. Plaintiffs' ability to conduct discovery in this context is not contingent upon their seeking execution against the assets of the Judgment Debtors or establishing an alter

ego relationship between the Judgment Debtors, Cibula, and the Other Entities. *See J.W. Cartage*, 1994 WL 416978 at *3.

In short, Cibula's many arguments in opposition to the subpoena ignore both the Plaintiffs' purpose behind seeking this discovery and the low burden that governs discovery of information under Rule 26. Plaintiffs have demonstrated to the Court that the information sought is relevant to Plaintiffs' attempt to establish a control group, the members of which will become jointly and severally liable to Plaintiffs. Although Cibula and the other business entities are non-parties to the underlying action, Plaintiffs have sufficiently established that a relationship exists between the Judgment Debtors, Cibula, and the Other Entities that may lead to the inclusion of Cibula and/or the Other Entities in the control group.[2] The information sought is not privileged, and is therefore discoverable. Fed. R. Civ. P. 26(b)(1).

Cibula also argues that the subpoena subjects him to an undue burden because it exceeds the scope of permissible post-judgment discovery under Rule 69(a)(2). Because the Court has ruled that the subpoena is proper under Rule 69(a)(2), Cibula's argument on this point is not persuasive. *See J.W. Cartage*, 1994 WL 416978, at *3. Cibula's Motion to Modify or to Quash Subpoena is therefore denied.

Finally, Cibula argues that he is entitled to a protective order preventing him from being forced to testify regarding matters related to his personal assets, personal transactions, or to the assets owned by or transactions entered into by any entity other than the Judgment Debtors.

---

[2] Cibula argues that Plaintiffs' use of a Dun & Bradstreet Report cannot be considered competent evidence as it is hearsay. This argument is irrelevant for purposes of the present motion, however, as the Dun & Bradstreet Report is relevant information that "appears reasonably calculated to lead to the discovery of admissible evidence" and "need not [itself] be admissible at trial." Fed. R. Civ. P. 26(b)(1).

Under Rule 26(c), the Court may, for good cause, enter a protective order to protect a party from undue burden. Cibula has not made a showing as to why he is entitled to a protective order other than those arguments the Court has previously rejected. Moreover, a former officer may be subpoenaed to testify regarding his business relationship with a judgment debtor and to produce his personal income tax records for inspection. *See J.W. Cartage*, 1994 WL 416978, at *3. Thus, his request for a protective order is denied.

## CONCLUSION

For the foregoing reasons, Subpoena Respondent George Cibula's Motion to Modify Or To Quash Subpoena And For Protective Order [Doc. No. 78] is denied.

**SO ORDERED.**                          **ENTERED:**

**DATE: October 6, 2009**

*/s/ Maria Valdez*

**HON. MARIA VALDEZ**
**United States Magistrate Judge**